UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV526-3-V
(3:91CR49-30-V)

| | |
|---|---|
| ROBERT L. MACK Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed December 19, 2007 (Document No. 1.)

A review of the record reflects that on January 28, 1992 Petitioner pled guilty to Count Two of the Indictment which charged him with conspiracy to possess with intent to distribute 5 kilograms of cocaine in violation of 21 U.S.C. § 846. The Honorable Judge Potter sentenced Petitioner to 300 months imprisonment to be followed by 10 years of supervised release. Petitioner did not file an appeal. Petitioner filed the instant § 2255 motion on December 19, 2007, over fifteen years after the judgment was entered.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on January 28, 1992 and judgment was entered on February 20, 1992. Petitioner did not file a notice of appeal. Because his case became final prior to the enactment of the AEDPA, Petitioner had one year from the date of the passage of the AEDPA in which to file a motion to vacate. Petitioner did not file the instant Motion to Vacate until December 19, 2007 – that is, more than ten years after the expiration of the limitations period.[1]

Prior to early 2002, federal district courts routinely dismissed habeas petitions which – like this one – appeared on their face to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se petition to be untimely and the [government] has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject

---

[1] The AEDPA was enacted on April 24, 1996 which also begins the limitations period for cases that became final before the AEDPA's effective date. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Therefore, absent any tolling, Petitioner had until April 24, 1997 in which to file a motion to vacate. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

to dismissal pursuant to § 2244(d) absent a sufficient explanation . . ." Consequently, this Court shall give the Petitioner twenty (20) days in which to file a document explaining why this Petition should be construed as timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

1. Within twenty (20) days of the date of this Order, the Petitioner shall file a document, explaining why the instant petition should be construed as timely filed and

2. The Clerk shall send a copy of this Order to the Petitioner.

**SO ORDERED**.

Signed: December 20, 2007

Richard L. Voorhees
United States District Judge