UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV526-3-V
(3:91CR49-30-V)

| | |
|---|---|
| ROBERT L. MACK Jr., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's 28 U.S.C. § 2255 "Motion to Vacate, Set Aside, Or Correct Sentence," filed December 19, 2007 (Document No. 1) and Petitioner's response to the Court's Order pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) directing Petitioner to explain why his Petition should be construed as timely filed (Doc. No. 3.) For the reasons stated herein, Petitioner's Motion to Vacate will be dismissed as untimely.

A review of the record reflects that on January 28, 1992 Petitioner pled guilty to Count Two of the Indictment which charged him with conspiracy to possess with intent to distribute 5 kilograms of cocaine in violation of 21 U.S.C. § 846. The Honorable Judge Potter sentenced Petitioner to 300 months imprisonment to be followed by 10 years of supervised release. Petitioner did not file an appeal.

Petitioner filed the instant § 2255 motion on December 19, 2007, over fifteen years after the judgment was entered. On December 20, 2007, this Court send Petitioner a notice pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) directing Petitioner to explain why his

1

Petition should be construed as timely filed (Doc. No. 2). On January 4, 2008, Petitioner filed a document explaining that his Motion to Vacate should be considered timely filed because of the "newly discovered evidence exception" to the one-year limitation period.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.[1]

The Court assumes that Petitioner is referring to subpart (4) of section 2255 which allows for a motion to vacate to be filed one-year from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

---

[1] The AEDPA was enacted on April 24, 1996 which also begins the limitations period for cases that became final before the AEDPA's effective date. See Harris v, Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). Therefore, absent any tolling, Petitioner had until April 24, 1997 in which to file a motion to vacate. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The "facts" on which Petitioner relies as support for his calculation under the AEDPA are that former FBI Agent Eric Blowers engaged in an inappropriate and illegal relationship with one of his co-defendants, Terry Duncan, which resulted in the violation of Petitioner's Constitutional rights at trial. Petitioner contends that this relationship came to light when former Agent Blowers was indicted in 2005.

Even if the Court were inclined to accept Petitioner's argument and measure the one-year limitation period as directed in § 2255 (4), the Court would begin the calculation on the "date on which facts supporting the claim or claims could have been discovered through the exercise of due diligence" which in this case, would have been around the time former Agent Blowers was initially indicted in April 2005. However, Petitioner did not file his Motion to Vacate until January 2007, almost three years after former Agent Blowers was indicted. Therefore, Petitioner's Motion to Vacate is dismissed as untimely.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is dismissed as untimely.

**SO ORDERED**.

Signed: January 22, 2008

Richard L. Voorhees
United States District Judge